**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 26 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ELLIOTT ROMAN RODRIGUEZ, | No. 15-56860 |
| Plaintiff-Appellant, | D.C. No. 5:15-cv-01301-VAP-KK |
| v. | |
| PROVIDENT SAVINGS BANK, F.S.B.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief Judge, Presiding

Submitted January 18, 2017[**]

Before:     TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

Elliott Roman Rodriguez appeals pro se from the district court's judgment

dismissing his action alleging violations of the Truth in Lending Act ("TILA").

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the district

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014), and we affirm.

The district court properly dismissed as time-barred Rodriguez's TILA claims because Rodriguez failed to establish that he delivered a timely notice of rescission, *see Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) (borrower must notify creditor of intent to rescind within three years after the transaction is consummated), or that he timely filed an action for damages, *see* 15 U.S.C. § 1640(e) (an action for damages under TILA must be brought within one year of the alleged violation).  We reject as unsupported by the record Rodriguez's contention that the loan transaction was never consummated.  *See* Cal. Civ. Code § 1614 ("A written instrument is presumptive evidence of a consideration."); *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (court not required to accept as true allegations that contradict exhibits attached to the complaint).

The district court did not abuse its discretion in dismissing Rodriguez's rescission and restitution claims without leave to amend.  *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (leave to amend not required "where the amended complaint would also be subject to dismissal"); *see also*

*Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

We reject as unsupported by the record Rodriguez's contentions that the district court failed to comply with the Federal Rules of Evidence or provide him with notice of the motion to dismiss filed on July 31, 2015.

We treat Rodriguez's request to "File on Demand," filed on January 23, 2017, as a motion to supplement the record, and deny the request.

**AFFIRMED.**